UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ORANEFO OKOLO )<br>    Plaintiff, )<br>v. )<br>)<br>THE METROPOLITAN GOVERNMENT OF )<br>NASHVILLE AND DAVIDSON COUNTY, )<br>TENNESSEE, et al. )<br>    Defendant. ) | Case No. 3:11-CV-00731<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

1. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983. This is also an action for claims of violations and of rights secured by the Constitution and the laws of the United States and the State of Tennessee. This is also an action under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated §29-20-101, et. seq.

2. This court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

3. Plaintiff is a resident of Davidson County, Tennessee.

4. Defendant Metropolitan Government of Nashville/Davidson County, Tennessee ("Metro"), is a political subdivision established under the laws of the State of Tennessee. At all times alleged herein, public and law enforcement supervisory and policymaking officials employed by Defendant Metropolitan Government of Nashville/Davidson County, Tennessee, engaged in unconstitutional acts under color of law which were

directed at Plaintiff and resulted in the violation of Plaintiff's state and federal rights.

5. Defendant, Michael Gallagher ("Gallagher"), was, at all times pertinent to this action, an individual duly appointed, employed and acting under color of law in the course and scope of his employment as a police officer employed by the Metropolitan Nashville Police Department and, while acting in that capacity, violated the state and federal rights of the Plaintiff.

6. In doing the acts alleged in this complaint, Defendant Gallagher was acting under the color of the statutes, ordinances, regulations, customs, and usages of Defendant Metro and the State of Tennessee and under the authority of his position as a police officer.

## FACTS

7. Plaintiff is the President of Foundation Community Health Center ("Foundation"), a duly organized non-profit corporation providing mental health care to patients in Nashville, Davidson County, Tennessee.

8. On Monday, November 15, 2010, Defendant Gallagher presented at Foundation seeking to arrest someone who was alleged to have been a patient at the facility.

9. Defendant Gallagher was unable to produce a government issued identification card or a warrant for arrest of the patient.

10. Plaintiff informed Defendant Gallagher that, due to state and federal laws governing privacy of health care information, he was unable to provide any information regarding Foundation's patients to anyone lacking proper identification and an arrest warrant.

11. Defendant Gallagher became upset and threatened to arrest Plaintiff, then contacted his

Sergeant by telephone.

12. Defendant Gallagher was told by his Sergeant he was required to show identification if requested to do so by a citizen.

13. Defendant Gallagher told his Sergeant he did not have an identification card in his possession.

14. Defendant Gallagher was told by his Sergeant to leave the premises and did so immediately.

15. On November 16, 2010, Defendant Gallagher returned to Foundation to arrest the same patient he had sought the previous day.

16. On this visit, Defendant Gallagher had proper identification, but did not have an arrest warrant or any other official process compelling arrest of the patient.

17. Plaintiff, who was sitting in a chair, again informed Defendant Gallagher that, due to state and federal laws governing privacy of health care information, he was unable to give any information regarding a patient at Foundation in the absence of any arrest warrant or other official process.

18. Defendant Gallagher pulled Plaintiff from the chair in which he was sitting and told him he was under arrest.

19. Plaintiff had violated no laws in his interaction with Defendant Gallagher.

20. Plaintiff called out to his staff and some staff members came to the reception area where the events transpired.

21. Defendant Gallagher shoved Plaintiff against the wall and demanded Plaintiff place both hands behind his back.

22. When Plaintiff complied, Defendant Gallagher placed handcuffs on Plaintiff and told him

he was taking him to Police headquarters for booking.

23. Defendant Gallagher did not state why he was arresting Plaintiff.

24. Defendant Gallagher pushed Plaintiff toward the door, then pushed him back into the office.

25. Plaintiff told Officer Gallagher that the handcuffs were too tight and were causing him great pain, and asked if Officer Gallagher would remove or loosen the handcuffs.

26. Defendant Gallagher refused this request and continued to hold on to Plaintiff, who remained handcuffed.

27. At some point during these events, one of Foundation's other employees called 911.

28. Another Metropolitan Nashville Police Department officer, Officer Archuletta, arrived at Foundation.

29. Defendant Gallagher told Officer Archuletta that Plaintiff was obstructing justice, so he had handcuffed him to arrest and book him.

30. Prior to the arrival of Officer Archuletta, Defendant Gallagher taunted Plaintiff with statements such as: "I would like to see a big black man in a nice suit run down the streets in handcuffs.", "I don't care what HIPAA law says." and "I will make sure you are locked up for a long time."

31. After over an hour, a Metropolitan Nashville Police Department Sergeant arrived and asked Defendant Gallagher to remove the handcuffs from Plaintiff.

32. Defendant Gallagher removed the handcuffs.

33. The Sergeant took Plaintiff into another room and they had a private discussion.

34. The Sergeant told Plaintiff that Defendant Gallagher overreached and that there was no justifiable reason to place handcuffs on Plaintiff.

35. Plaintiff was never charged with a crime.

36. Defendant Metro had in place a policy on "Obstruction of Rights" of citizens at the time of the incident. That policy was so poorly drafted as to offer no meaningful instruction to Metro police officers, such as Defendant Gallagher, regarding the subject. This lack of a coherent policy led to the events of November 16, 2010.

37. Defendant Metro had in place a policy wherein police officers, including Defendant Gallagher, were rewarded for proactive work such as serving warrants, which fostered an atmosphere of officers overreaching in their attempts to perform such acts. This atmosphere led to the events of November 16, 2010.

38. Defendant Metro was aware of illegal arrests being made by its police officers prior to the events described herein, and in fact had ordered new training for police officers in the weeks surrounding this incident, refreshing them on what constitutes an illegal arrest.

39. Defendant Metro failed to provide any training and instruction on particular privacy issues presented by HIPAA and other statutes regarding the confidentiality and privacy protections afforded people receiving mental health treatment.

40. Defendant Metro failed to provide any training and instruction on the elements of the crime of resisting arrest to Defendant Gallagher, which led to his actions on November 16, 2010.

## CAUSES OF ACTION

### Count I

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-40 as if fully set forth

herein.

41. The Defendants, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution including, but not limited to, the right to be free from unreasonable searches and seizure, the right not to be deprived of liberty without due process of law, the right to be free from excessive use of force by persons acting under color of state law, and the right to be free from false arrest, all rights secured by the due process and equal protection clauses under the Fourth and Fourteenth Amendment to the United States Constitution.

42. As a direct and proximate result of all Defendants' intentional wrongful acts in violation of state and federal laws, Plaintiff suffered serious personal injury and is entitled to relief under 42 U.S.C. § 1983.

**Count II**

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-42 as if fully set forth herein.

43. Defendant Metro has permitted and tolerated a pattern and practice of unjustified, unreasonable and excessive uses of force against and illegal arrests of civilians by police officers of the Metropolitan Nashville Police Department.

44. Defendant Metro has failed to adopt policies or to properly train police officers of the Metropolitan Nashville Police Department in the use of excessive force and proper arrest procedures.

45. Defendant Metro was reckless, negligent and deliberately indifferent in its hiring,

training and supervision of police officers, including Defendant Gallagher, and in its establishment of policies and procedures with respect to the use of force against and illegal arrests of citizens of Nashville, Davidson County, Tennessee, and the recognition and preservation of the civil and constitutional rights of citizens of Nashville, Davidson County, Tennessee under the Fourth and Fourteenth Amendments to the Constitution of the United States.

46. As a direct and proximate result of the actions and failures of Defendant Metro, Defendant Gallagher did not employ appropriate procedures in the illegal arrest, handcuffing, manhandling, assault and false imprisonment of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

47. That, as a direct and proximate result of said acts, Plaintiff suffered serious injuries and other damages as set forth below and is entitled to relief under 42 U.S.C. § 1983.

**Count III**

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-47 as if fully set forth herein.

48. Defendant Gallagher, acting under color of state law, by using excessive force against Plaintiff and illegally arresting him, has engaged in actions and abuses which have deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution including, but not limited to, the right to be free from unreasonable searches and seizure, the right not to be deprived of liberty without due process of law, the right to be free from excessive use of force by persons acting under color of state law, and the right to be free from false arrest, all rights secured by the due process and equal

protection clauses under the Fourth and Fourteenth Amendment to the United States Constitution and other laws.

49. That, as a direct and proximate result of said acts, Plaintiff suffered serious injuries and other damages as set forth below and is entitled to relief under 42 U.S.C. § 1983.

**Count IV**

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-49 as if fully set forth herein.

50. In the acts complained of herein, Defendant Gallagher acted negligently in that he had a duty to act reasonably and responsibly and not to act in a manner which would cause the handcuffing, manhandling, assault and false imprisonment of Plaintiff. Defendant Gallagher had a duty to act as a prudent police officer by not taking actions that would injure Plaintiff and others similarly situated and not to use excessive force or otherwise violate the constitution or the civil rights of Plaintiff.

51. In violation of his duty, Defendant Gallagher failed to follow established and widely recognized law enforcement policies and procedures with respect to the handling of Plaintiff and persons similarly situated and/or Defendant Metro failed to develop and implement adequate policies to establish appropriate handling by its police officers of persons similarly situated as Plaintiff.

52. In the acts complained of herein, each of these Defendants acted negligently in that each owed a duty to properly investigate, act within the scope of authority and to refrain from using excessive force, illegally arresting or otherwise violating the constitutional and civil rights of Plaintiff. Each Defendant breached those duties.

53. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered serious injuries and other damages set forth below.

**Count V**

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-53 as if fully set forth herein.

54. The deliberate and intentional acts and omissions of Defendant Gallagher, acting in his individual and official capacity for Defendant Metro, as set forth above in this Complaint, give rise to a cause of action under the common law of Tennessee for battery and all Defendants are jointly liable for such actions.

55. As a direct and proximate result of the intentional acts of Defendants, Plaintiff suffered serious injuries and other damages set forth below.

**Count VI**

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-55 as if fully set forth herein.

56. The deliberate and intentional acts and omissions of Defendant Gallagher, acting in his individual and official capacity for Defendant Metro, as set forth above in this Complaint, give rise to a cause of action under the common law of Tennessee for false imprisonment and all Defendants are jointly liable for such actions.

57. As a direct and proximate result of the intentional acts of Defendants, Plaintiff suffered

serious injuries and other damages set forth below.

## Count VII

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-57 as if fully set forth herein.

58. The deliberate and intentional acts and omissions of Defendant Gallagher, acting in his individual and official capacity for Defendant Metro, as set forth above in this Complaint, give rise to a cause of action under the common law of Tennessee for outrageous conduct and all Defendants are jointly liable for such actions.

59. As a direct and proximate result of the intentional acts of Defendants, Plaintiff suffered serious injuries and other damages set forth below.

## Count VIII

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-59 as if fully set forth herein.

60. Defendant Metropolitan Government of Nashville, Davidson County, Tennessee, is a governmental entity within the meaning of the Tennessee Governmental Tort Liability Act (TGTLA), Tennessee Code Annotated §29-21-101, et. seq., and is liable for the negligent acts and omissions of its employees under the TGTLA, the doctrine of *respondeat superior* and the principal-agent relationship

61. At all times pertinent to this action, Defendant Gallagher, an employee of Defendant Metro, was acting within the course and scope of his employment.

62. Without limiting the general allegations of negligence, Defendant Gallagher was negligent as follows:

   a. In using force that was excessive and unjustified under the conditions and circumstances then and there present; and,

   b. In failing to follow established policies and procedures relating to the use of force.

63. Without limiting the general allegations of negligence, Defendant Metropolitan Government of Nashville, Davidson County, Tennessee, was negligent as follows:

   a. In failing to properly train and supervise officers in the unlawful use of force and in making illegal arrests; and,

   b. In failing to establish appropriate policies and procedures regarding the unlawful use of force and illegal arrests.

64. It was foreseeable that a person such as Plaintiff would sustain injuries and other damages as a result of the above acts of negligence.

65. These negligent acts show a conscious disregard for the health and warfare of the citizens of Nashville, Davidson County, Tennessee.

66. As a direct and proximate result of the above acts of negligence, Plaintiff suffered serious injuries and further damages as set forth below.

## DAMAGES

Plaintiff reaffirms each and every allegation contained in Paragraphs 1-66 as if fully set forth herein.

67. As a direct and proximate result of the above-stated actions of Defendants, Plaintiff was illegally arrested, handcuffed, manhandled, assaulted and falsely imprisoned. Plaintiff

suffered serious personal injuries, severe mental anguish, pain and suffering, humiliation and medical expenses.

68. The actions of the Defendants were intentional, reckless, malicious and fraudulent and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory and One Million Dollars ($1,000,000.00) punitive damages. Plaintiff further demands attorney fees, costs and whatever other relief this Honorable Court deems appropriate and that a jury of twelve try all issues joined herein.

Respectfully submitted,

GALLIGAN & NEWMAN
309 West Main Street
P. O. Box 289
McMinnville, Tennessee 37110
931-473-8405

By: /s/ John P. Partin
    Michael D. Galligan (BPR#3181)
    Susan N. Marttala (BPR #12196)
    John P. Partin (BPR # 20921)
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the Foregoing Second Amended Complaint was electronically filed. Notice of this filing will be sent by operation of the court's electronic filing system to Keli J Oliver, Assistant Metropolitan Attorney, P.O. Box 196300, 108 Metropolitan

Courthouse, Nashville TN 37219-6300 and John M.L. Brown,222 Second Avenue North, Suite 312, Nashville, TN 37201 on the 12th day of June, 2012 , who are registered as users of the electronic as filing system as indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

                                                  By:/s/ John P. Partin
                                                      John P. Partin